I know the panel has read the briefs and is familiar with the issues. So unless there are any questions, my father would like to speak for a minute and we preserve the rest of our time. I have a question. Yes, Judge. I'm trying to understand how the California statutes here apply. California Statute 54.3, which isn't much mentioned in the briefing, is one that seems to deal with damages actions in particular. And it seems to deal – it seems to have an attorney's fees provision that reads specifically in favor of the plaintiffs. And then there's the 55, I guess, which specifically deals with injunctions, and it is the one that seems to be evenhanded. Does that have any significance to this case? Am I misreading the statutes? No. That actually is – you're correct. Section 54.3 deals with damages. Civil Code Section 55 deals with injunctive relief. The rights are set forth. The ones I usually deal with are Civil Code Section 54 and 54.1. They are relevant insofar as it provides the overall structure upon which the Disabled Persons Act is based. In our case, when you're reading statutes, you have to read it in the Act as a whole. But isn't the – what the California statute adds – statutes add is damages, because the ADA doesn't have damages. What the California statutes add is damages. In other words, in this case, as I understand it, you are suing specifically for violations of the ADA under both the California statute and the ADA, because the California statute refs in the ADA. Correct. Right. But there was no reason to do that, to add the California statute, other than the fact that the California statute has damages and the ADA doesn't. Well, if you want to seek injunctive relief as a disabled person under the ADA under State law or damages, you do have to include the California statute in addition to the California violations of the law. Okay. But you didn't have any separate California violations. I understand it was 100 percent overlap. Actually, there were a couple of overlapping California violations and ADA violations. They were both – they were both – it was a mixed bag. You couldn't really separate one without the other. Okay. I think that the only reason I – that sticks in my mind is the district judge, I believe, mentioned that in his order on fees in that. He said it was 100 percent overlap, basically. And it seems to me that for your purposes, that's better. It is better. If this was a purely State law issue involving purely State law damages – or, excuse me, purely State law discrimination and purely State law injunctive relief under Civil Code Section 55, this would be a very, very different appeal. It's not, though. It's a State law that incorporates an ADA plaintiff seeking to enforce an ADA right with an ADA injunctive relief. Okay. But you are also seeking damages. We were also. But insofar as you were seeking damages, the California statute is parallel to the – on attorneys' fees, is either parallel or even more firmly in favor of the plaintiffs than the ADA. Yes, Your Honor. That's what I was trying to clarify. Oh, I'm sorry. Okay. Okay. Thank you. Thank you. Ben Hubbard on behalf of the elderly plaintiffs, who happen to be my parents. If we take a situation wherein two elderly plaintiffs go out that are disabled to a restaurant that's relatively new, they encounter architectural barriers, they write a letter, nothing happens, a lawsuit is filed, the landlord steps forward, the lawsuit designates 38 barriers, the landlord steps forward and says, well, 10 of those are ours, we'll fix them. That leaves us with 28. The restaurant says about self-help, which I happen to believe in, they try to correct them, by the time they get their consultant involved, there are 14 architectural barriers left that he acknowledges. We go to trial, the elderly people don't testify really well, there are things they can't remember, things they can't recall, the court says, well, you really haven't carried your burden. Well, no, what he said was he didn't believe them. Yeah. He didn't, I mean, let's be frank about it, he found them not credible. Yeah, he said you're not credible and you're not reliable and you didn't carry your burden on these eight issues. Said nothing about the 20 issues that were already fixed. So, my point I'm trying to make is simply this. If somebody brings a lawsuit to correct architectural barriers and the defense corrects two-thirds or, in this case, 70% of them, and they acknowledge that they're there, the judge says this was in fact based on the law and the facts, then where does the defense get off saying, well, we fixed 70% of these, but we're entitled to $80,000 in attorney fees? Well, they say that's the California law, and as I understand it, you're not really contesting, well, you're somewhat contesting whether that's the California law, but more than that, you're saying it can't, in a case like this where the injunction is being sought on completely overlapping grounds, essentially to allow them to get the fees under State law is really to compromise the Federal policy of not allowing fees under these circumstances. That's correct. But, I mean, it's not really a question of whether this is the right thing or the wrong thing to do. It's a question of whether the Federal law is displacing the State law in this regard. That's what it does, and that's all I have. Thank you. Good morning. Donald Merkin for the Respondent, Sobrec, LLC. May it please the Court, Justice Berzahn, you put your finger right on it. What is the purpose of 55? What did the California law say? Well, but why is it 55, or why is it on both? Why isn't 54.3 relevant here, too? Well, let me just put a posit at it, which is that insofar as this was a case for injunctive relief, there was the State law cause of action was simply the ADA cause of action in another guise. It didn't add anything at all. Insofar as it was a case for damages relief, where the State law does add something, the State law provides for attorneys' fees only in favor of the plaintiff. Am I right about that? That's correct. So, therefore, we can take the damages piece out of it because you're not entitled to any really attorneys' fees under State law for having one on damages. And it's only as to the injunction. Is that right? That's correct. So what you're asking for is that the State, you get State law attorneys' fees for nothing but having one on an ADA issue. No, it's not an ADA issue. Why not? It's a California issue. But it's a California issue, which is 100 percent overlap. All California law says is we incorporate the ADA, nothing else. It doesn't say we incorporate the ADA. It says we incorporate the standards. Okay. It says a violation of the ADA is a violation of the California Act. So when you make a decision, when the Court rules, it's ruling not on the ADA. That's separate. It's ruling on a violation of 55. But it's not separate because no one had to put on one additional amount of time. There was nothing you had to do to make out your State law claim, to win on the State law issue that you didn't have to do to win on the ADA. That's correct. And vice versa. And vice versa. That's right. They allege two different causes of action. You're entitled to do that, unless it's preempted. Unless it's preempted, they have alleged a cause of action for injunction under the State law. But the only function of doing that was to get to the damages, and as to the damages, you're not entitled to any attorney's fees. Why they did it is another question. That's something that only they can answer. They didn't have to. There is no necessity. Well, they had to if they wanted damages. But as to damages, you don't get any attorney's fees. No. They would get mandatory attorney's fees if they won, wouldn't they, under State law? They have mandatory attorney's fees under both 54.3 and 54.5. 54.5 is discretionary. It's discretionary under the ADA. It's mandatory under State law. On the injunction side, yes, that's correct. However, the question here is what does the ADA preempt or control the State just because they incorporate the standards of the ADA without incorporating that part of the ADA, which calls for reasonable, discretionary, reciprocal attorney's fees under the ADA. It's Christiansburg in the Federalist system, which makes that frivolous only on the defendant's side. Let me ask you a question. Sure. Mr. Hubbard made the point that, you know, they brought 38 claims. They succeeded on some, lost on others. They're not really all together the losing party is his point. That's his statement. That is not what happened. That is not the record. The record is that they brought, I think it was 32 or 38 total claims of which 11 were on the premises. It was in the parking lot. And that was handled by a confidential settlement agreement to which Sobrek was not permitted to see, had nothing to do with. The rest of the violations, there was no fixing, there was no modification, there was no alteration. At trial, the 32, which became 21, I guess, became nine in the pretrial order, and they actually litigated nine alleged violations. The expert who had originally said that there were 14 testified that there was, that he had made a, simply made a mistake. There were no violations, zero. There was no modification. Had the, had they made modifications, they would be entitled to, they would be entitled to attorney's fees. Court found that there were no violations by the respondent, by the defendant, zero. So, and there was no, there was nothing that had been fixed before the trial. There was nothing that was found to be in violation at the time. Sotomayor, you're not arguing that the claims are frivolous. I'm not arguing that this was frivolous. The judge found it was not frivolous. Right. However, under 55, the prevailing, that's the State law, the prevailing party, and there's a reason for this. And maybe we should go into that. Because in analyzing 55, I think it's incumbent on the Court to look at the entire act, and the Disabled Persons Act didn't all happen at once. It happened at once. Well, I guess I'm not quite sure that we should. Because that's a, if this is a non-frivolous claim by a plaintiff. Yes. The plaintiff loses on the merits. Under Federal law, if it's non-frivolous, you're not entitled to fees. Correct. Under State law, you are. That's correct. So that makes the California statute, in terms of encouraging people to file actions, more restrictive than the Federal action, than the Federal law, doesn't it? Isn't that? I don't think that's the way to look at it. Well, that's my question. Well, in order to answer your question, I think I need to explain what 55 is doing in the Disabled Persons Act. Because it wasn't there originally. And California, in 1968, only passed, as far as we're concerned here, 54, which is access, liability statutes, access to public buildings, and 54.1, which protected disabled persons from being discriminated against in public accommodations, among other things. And 54.3. So in 1968, there was no State injunction. There was no injunction. There was no ADA. And a plaintiff didn't have the right to get an injunction. He only had the right to go into court and get a few hundred dollars at that time in damages and mandatory attorney's fees. Six years later, and this, you can see the evidence of this in the legislative history in which appellants have filed, there was no enforcement, very little enforcement. And the California legislature, in order to improve access, passed 55. And in 55, they gave the plaintiff the right to get injunctive relief, which meant instead of just benefiting the plaintiff with a few hundred dollars, it benefited everybody. And that became a powerful club in the hands of the disabled plaintiff, because instead of $100 or $500, it became you have to change your building. Kagan. Let me ask you a question. Why doesn't the Carver v. Chevron U.S.A. case apply directly here in light of the – well, there are two ways it may apply. One is in terms of the Federal and State claim. But the other, which I'm curious about, is what about these two State statutes, the one that one of them which is reciprocal and one of which isn't, and both of them which were involved here? In other words, you prevailed both with regard to the damages and with regard to the injunctions. So why did you have exactly the conflict that was involved in that case? That was not a conflict, because the two statutes provide remedies for different claims. Yes, but what you litigated was exactly the same thing, right? In other words, you prevailed on the damages exactly for the same reason you prevailed on the injunction. Well, no, not necessarily. Yes, you can say there were no – there was no violation, so therefore we prevailed on whatever causes of action had been stated. So why isn't it exactly the same as the Cartwright Act case? Under State law, leaving aside the Federal law. But that's the major difference. That's the difference, because one is Federal and one is State. No, but I'm saying leave aside the Federal law. First of all, I don't know whether that's a difference in terms of what a California court would actually do with it. But let's leave that aside. We now have two State statutes, one of which runs one way and one of which runs the other way, and both of which apply to this. Is that right? Well, they apply, but they're not identical. That's right. They're an opposite, which is why in the Cartwright Act case they said that it would violate the – it would – if you had to prove everything you did for the one statute, which doesn't have reciprocal fees, as you did in the case that had reciprocal fees, then to give the reciprocal fees violates the policy of the statute that doesn't have reciprocal fees, just looking at the California statutes. Well, you've limited your question. I don't think that's true. Why? I think that in responding or in defending against 54.3, 54.1 with respect to damages, you have to show that there were no damages. That's one way of doing it. Well, if you get to that, but you didn't get to that because you just proved they weren't credible at all, so there were no damages, they didn't win. But it was still a way of defending that case. I think there's a lot of places that numerous causes of action, which if it turns out there was no violation whatsoever, numerous causes of action fail. And you can say, I guess, if you want to structure the question that way, yes, for the same reason. Right. But I don't believe Carver applies. Carver was an antitrust law. It involved discretionary statute, discretionary decisions by the court. And the major difference is the Federal-State difference, which you know. Well, only if you – yes, that's one difference. But I'm trying to look at just the State statutes. All right. Counsel, you have used your time, so if you want to argue, want to answer briefly. I believe that when it comes to Federal-State, it becomes a preemption issue, which is not true in a State-State question. Thank you.  Thank you. Good morning again. Scott Hubbard. Briefly, trying to keep answering the questions in seriatim, Judge Silverman, you asked about the merits of my grandparents' case, more or less. The arguments that counsel told you in his response were presented to the district judge below, and he rejected them. He said that even if that's true, it's still not – it wasn't a frivolous case. With respect to Judge Berzon's question about Carver, there's not only State law damages versus injunctive relief aspect of this with respect to the Civil Code Section 54.155. There's also an UNRRA Act, Disabled Persons Act damages. We were also seeking disabled persons – we were also seeking injunctive relief under the UNRRA Act. And the UNRRA Act adopts the ADA standard of fee shifting. So in that respect, you have not only Civil Code Section 55 awarding the defendants damages that they – or, excuse me, attorneys' fees that they normally wouldn't get under the damage section. They're also awarding fees that they normally wouldn't get under the UNRRA Act for injunctive relief. And where is that? What statute says that the UNRRA Act adopts the ADA fee shifting? 51F. 51F? Yes. And the 52A, it's not – that's the enforcement mechanism for the UNRRA Act. It doesn't say injunctive relief, but California case law says that it does include injunctive relief. And it says that it doesn't include the ADA fee shifting provision? Parallel provision. 51F incorporates the ADA, same as the Disabled Persons Act, identical language. But as to the fee shifting? The 52A includes an attorney fee provision, but it's not just for the plaintiffs. It's also a defense. But it's not – it's worded like the ADA one? It's worded like the ADA. So there is an injunctive relief that was also at issue that's state law. Judge Schroeder, you talked – you wanted to know about the legislative history about the ADA – or, excuse me, Civil Code Section 55, and you touched on that. It was initially adopted in 68. The California legislature was enamored with the Federal Housing Act, and the language that they adopted when they wrote the statute is similar and based on the FHA. I bring this up because even under the FHA, there wasn't a mandatory attorney fee shift provision in favor of the defense. So I have 56 seconds if there's anything else. Thank you, Your Honors. Thank you. The case is submitted for decision. We'll hear the next case, which is MidCentury Insurance v. Wells Fargo.
judges: Schroeder, Silverman, Berzon